T. MAHON, Respondent, v. JOHN SIMMS, Appellant.

No. 3665; December 23, 1874.

Ejectment—Land Used as Turnpike.—Ejectment is maintainable for only corporeal hereditaments, and when the subject matter is land used as a turnpike, rather than the right of way, and there has been no dedication by the plaintiff or persons he has succeeded as title holder, it is the proper remedy.

Appeal—Review of Evidence.—On Appeal from an Order Denying a motion for a new trial the point of insufficiency of the evidence to support the judgment will not be considered if not specified first in the statement on the motion.

APPEAL from Seventh Judicial District, Marin County.

B. S. Brooks for respondent; Sharp & Lloyd for appellant.

McKINSTRY, J.—The cases cited by appellant's counsel do not sustain his first point, that "An action of ejectment will not lie to recover the possession of a turnpike road, when the defendants only use the same for collecting tolls from the traveling public." Ejectment is maintainable only for corporeal hereditaments: Tillinghast's Adams, p. 19. But this action was not brought to recover the right of way, but the possession of the lands, the plaintiff having shown the fee in himself by virtue of the patents introduced in evidence. The exclusion of the plaintiff from entering on the land, except on the payment of a toll, and then only for the purpose of passing over the same, was a disseizin.

As the action was tried and findings filed prior to the date when the Code of Civil Procedure took effect, there is an implied finding that the defendant did not have adverse posses-

sion five years prior to the commencement of the suit. The statement on motion for new trial contains no specification that the evidence was insufficient to sustain this implied finding, and the point cannot be first made in this court.

The district court (by implication) found that the plaintiff had not dedicated the land in controversy as a public highway. We think the evidence sustains this finding.

Judgment and order affirmed and the cause remanded, with direction to the district court to amend the complaint, or cause the same to be amended (as of a date anterior to the judgment), by substituting "the San Rafael Turnpike Road" for "the San Rafael and San Quentin Turnpike Road" as a party defendant.

We concur: Wallace, C. J.; Rhodes, J.; Niles, J.; Crockett, J.